UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) ) | Civil Action No. 1:23-cv-02086-ELR |
| SMART SOURCE, LLC, and SMART SOURCE OF GEORGIA, LLC, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Smart Source, LLC and Smart Source of Georgia, LLC (collectively, "Defendants"), Answer the Complaint filed in this matter by the Plaintiff, The Reynolds and Reynolds Company ("Plaintiff" or "Reynolds"), as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

For its responses to the specific enumerated paragraphs of the Complaint, Defendants state:

**INTRODUCTION**

1. The allegations contained in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, admitted that Plaintiff has attempted to claim copyright infringement but denied that the claim has merit.

2. Admitted that Plaintiff brings this action and seeks remedies therefor but denied that the action has merit AND that Plaintiff is entitled to any remedy. Otherwise, all remaining allegations are denied.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and Defendants therefore deny the allegations.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Defendants admit that jurisdiction and venue are proper.

## FACTS

7. Upon information and belief, Defendants admit Plaintiff sells products, including business forms, to automotive dealers. Otherwise, Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and Defendants therefore deny the allegations.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and Defendants therefore deny the allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and Defendants therefore deny the allegations.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and Defendants therefore deny the allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and Defendants therefore deny the allegations.

12. Defendants deny that the forms at issue constitute copyrightable works. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and Defendants therefore deny the allegations.

13. Defendants deny that any registrations were properly obtained and that the referenced form constitutes copyrightable work. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and Defendants therefore deny the allegations. All remaining allegations are denied.

14. Defendants admit that Plaintiff's Exhibit 1, which it describes as its "Form 228RS-U", contains a purported copyright notice, but denies that the copyright right notice is sufficient under applicable law, that the copyright registrations were properly obtained, and that the form constitutes copyrightable work. All remaining allegations are denied.

15. Defendants admit that forms such as Form 228RS-U are widely disseminated throughout the United States. Indeed, Form 228RS-U represents merely one iteration of a standard business form commonly used in the automotive industry, and nearly identical forms are readily available online.[1] Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and Defendants therefore deny the allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and Defendants therefore deny the allegations.

17. Defendants deny that the forms at issue constitute copyrightable work. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and Defendants therefore deny the allegations.

18. Defendants deny that any registrations were properly obtained and that the referenced form constitutes copyrightable work.  Defendants are without knowledge or

---

[1] *See, e.g.*, https://www.revdealersupply.com/product/agreement-to-furnish-insurance-policy-4810/; *see also* https://sdwusa.com/product/agreement-to-furnish-insurance-policy-100pk-4-4810/

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and Defendants therefore deny the allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and Defendants therefore deny the allegations.

20. Defendants admit that they offer, distribute, and sell various products (including business forms) and services to members of the automotive industry. All remaining allegations are denied.

21. Defendant Smart Source of Georgia, LLC admits that it sold a form entitled "Agreement to Furnish Insurance Policy" and has ceased doing so out of an abundance of caution, pending resolution of this lawsuit. Smart Source, LLC has not sold and does not currently offer for sale the form entitled "Agreement to Furnish Insurance Policy." Defendants deny that this form is an infringing work. All remaining allegations are denied.

22. Defendants deny the allegations in Paragraph 22.

23. Paragraph 23 contains a legal conclusion. Plaintiff's Exhibits 1, 3, and 5 which speak for themselves. Defendants deny that any alleged similarities constitute copyright infringement or are a result of any wrongful, unlawful, or infringing conduct on the part of Defendants. All remaining allegations are denied.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit that Plaintiff sent several written demands to Plaintiff that appear to be a continuation of anticompetitive conduct at least one Federal Court has previously admonished Plaintiff for undertaking. Defendants' responses speak for themselves. Defendants deny that they were required to respond to or comply with Plaintiff's written demands. All remaining allegations are denied.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

## COUNT 1
## FEDERAL COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

28. Defendants repeat and reallege their responses contained in Paragraphs 1 through 27, as if fully set forth herein.

29. Defendants deny the allegations contained in the first sentence of Paragraph 29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 29, and therefore Defendants deny the allegations. All remaining allegations are denied.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

## JURY DEMAND

36. No response to Paragraph 36 is required.

Defendants deny each and every allegation of the Complaint that is not expressly admitted herein.

Defendants deny that Plaintiff is entitled to any relief requested in the paragraph beginning "WHEREFORE," or its subparts, or any other relief.

### THIRD DEFENSE

Defendants deny the material allegations of the Complaint and demand strict proof thereof.

### FOURTH DEFENSE

The Complaint, in whole or in part, is barred by the applicable Statutes of Limitation.

### FIFTH DEFENSE

The Complaint is barred by estoppel, laches and/or waiver.

### SIXTH DEFENSE

The Complaint is barred under the doctrine of unclean hands.

### SEVENTH DEFENSE

The forms listed in Paragraphs 11 and 16 of the Complaint are not copyrightable under 17 U.S.C. § 101 et seq.

### EIGHTH DEFENSE

Plaintiff has misused their purported copyrights and should therefore be prohibited from enforcing their purported copyrights in this action.

### NINETH DEFENSE

To the extent any harm to Plaintiff occurred, which Defendants deny, such harm was proximately caused, if at all, by persons or entities other than Defendants.

### TENTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's alleged copyrighted works are neither original nor creative.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, precluded or limited insofar as any alleged use of the alleged copyrighted material constitutes de minimis use thereof.

### TWELTH DEFENSE

Plaintiff's claims are barred, precluded or limited because any purported infringement was innocent.

### THIRTEENTH DEFENSE

To the extent that any elements from any of the forms identified in Paragraphs 11 and 16 of the Complaint were used, such elements are generic and/or such use constituted fair use.

### FOURTEENTH DEFENSE

Plaintiff's claims are a part of its effort to monopolize the market for pre-printed, standard business forms used in the automotive industry in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff abandoned its purported copyrights.

### SIXTEENTH DEFENSE

Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants demand a jury to try this cause.

WHEREFORE, having answered the Complaint, Defendants request that the Court dismiss the Complaint with costs taxed to Plaintiff and award Defendants their attorney's fees pursuant to 17 U.S.C. § 505, together with such other and general relief as the Court may deem just and proper.

        Respectfully submitted,

        */s/ Louis Levenson*
        Louis Levenson
        Georgia Bar No. 447938
        Lori J. Christman
        Georgia Bar No. 125522
        **LEVENSON & ASSOCIATES**
        3330 Cumberland Boulevard, SE
        Suite 925
        Atlanta, GA 30339
        Telephone: (404) 659-5000
        Facsimile: (404) 659-1355
        louis@levensonlaw.com
        lori@levensonlaw.com

        Tim Harvey
        Russell Taber
        Grace C. Peck
        (*Pro hac vice* applications forthcoming)
        RILEY & JACOBSON, PLC
        1906 West End Avenue
        Nashville, TN 37203
        (615) 320-3700
        tharvey@rjfirm.com
        rtaber@rjfirm.com
        gpeck@rjfirm.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system this the 5th day of September 2023, upon the following:

Jenna S. Schneider
Georgia Bar No. 404596
**THOMPSON HINE LLP**
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
jenna.schneider@thompsonhine.com

Steven J. Elleman
Sean P. McCormick
**THOMPSON HINE LLP**
Discovery Place
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342
steve.elleman@thompsonhine.com
sean.mccormick@thompsonhine.com

*Counsel for Plaintiff*
*The Reynolds and Reynolds Company*

                */s/ Louis Levenson*